IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James D. Thomas, | : | |
| Plaintiff | : | Civil Action 2:07-cv-00746 |
| v. | : | Judge Watson |
| Central Parking Systems of Ohio, Inc., | : | Magistrate Judge Abel |
| Defendant | : | |

# ORDER

The complaint pleads that Central Parking violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, when it attempted to collect a monthly parking garage fee debt that it did not own.  This matter is before the Magistrate Judge on plaintiff's November 13, 2007 motion for default judgment (doc. 10).  A hearing on the motion for default judgment was held December 18, 2007.

**Issue for decision.**

Plaintiff James Thomas has offered no evidence supporting a claim under the Fair Credit Reporting Act.  As to his Fair Debt Collection Practices Act claims, defendant Central Parking maintains that the debt subject to this action is not a "consumer debt" and that it is not a "debt collector."

**Findings of fact.**

James Thomas is a lawyer whose office is at 5 E. Long Street, near the 60 E. Long

Street parking garage.  His practice includes commercial litigation, creditors' rights, and advice to collection agencies.  He also has an interest in a business.

Thomas started parking at the 60 E. Long Street garage about 4-5 years ago. Imperial Parking managed the garage through September 2006.  In October 2006, Central Parking took over management of the garage.  In December 2006, Thomas received an invoice billing him $95 for the month of September 2006 and $95 for the month of December 2006. (Complaint, Exh. A, doc. 2-2.)  Thomas paid $95 for December, but not for September 2006.  He continued to receive similar monthly bills seeking $190 through July 2007.

On July 17, 2007, Central Parking terminated Thomas's parking privileges at the garage.  That day, Thomas spoke with Russell Miller, General Manager for Central Parking, and told him that he was refusing to pay the $95 billed for September 2006. Miller advised him that his parking privileges were cancelled effective July 17.  Central Parking refunded to Thomas half of the $95 he had paid for July.

For the remainder of July, Thomas paid for daily parking.  He has no receipts. He put $6 in a box for the day.  Some days he left the lot and had to pay another $6 when he returned.  Beginning August 1, he paid $115 a month to park in another parking garage. He is banned from parking at any garage owned or managed by Central Parking.

Thomas paid for parking at the 60 E. Long Street garage out of his business account.  If he did not pay the $95 monthly fee by the fifth day of the month, he had to pay for daily parking.  On one previous occasion, he failed to pay the monthly parking

fee on time, and the management placed a yellow tag on his windshield.  There was a late payment penalty.   No one–Imperial Parking or any other company–told Thomas that he had not paid for September 2006 until he received Central Parking's December 2006 invoice.

Despite being repeatedly billed by Central Parking for the month of September 2006, Thomas never checked his business account records to see if he had paid Imperial the September 2006 monthly parking fee.

Although Thomas uses the parking for business, he also considered the parking to be for his personal use in that with a monthly parking pass he had the ability to go in and out of the garage with his car so that he could run personal errands and attend to his family.

Thomas has no personal knowledge of Central Parking's business operations, other than that it manages parking facilities.  Nor did Thomas know anything about Imperial Parking's business, other than that it operated the 60 E. Long Street parking garage through September 2006.  Plaintiff offered no evidence about who owned the unpaid parking fee for the period ending September 30, 2006.  Plaintiff offered no evidence that Central Parking ever attempted to collect other past-due parking fees for another person or entity at any time.  Plaintiff offered no evidence that Central Parking reported the invoiced debt for September 2006 to any credit reporting agency.

**Analysis.**

I find that plaintiff has failed to offer evidence making out a *prima facie* case that the debt in question is a consumer debt and that he has also failed to offer any evidence that Central Parking is a debt collector.

Consumer debt. The FDCPA applies only to consumer debt. *Slenk v. Transworld Systems, Inc.*, 236 F.3d 1072, 1074 (9th Cir. 2001). It protects consumers from unfair debt collection practices. The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). It defines debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(6).

Debts incurred by sole proprietorships for business purposes are not consumer debts. *Slenk,* 236 F.3d at 1075-76; *Beaton v. Reynolds, Ridings, Vogt and Morgan,* 986 F. Supp. 1360, 1362 (W.D. Okla. 1998). The test of whether a debt is a consumer debt is whether, examining the transaction as a whole, it was "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(6). *Slenk,* 236 F.3d at 1075.

Although the in-and-out parking privileges may have had some personal benefit to Thomas, it was a business expense. Thomas's law practice paid for the parking. The parking benefitted the practice and was a necessary business expense. Plaintiff has offered no evidence that the parking was "primarily for personal, family, or household

purposes."  Consequently, plaintiff has failed to prove a *prima facie* case for liability under the FDCPA.

<u>Debt collector</u>.  Alternatively, plaintiff has failed to demonstrate that Capital Parking is a debt collector.  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ."  15 U.S.C. § 1692a(6).

Here Central Parking was attempting to collect a the monthly parking fee for September 2006.  Plaintiff offered no evidence that the "central purpose" of Central Parking's "business . . . is the collection of any debts . . . ."  To the contrary, as far as Thomas knew, the central purpose of Central Parking's business was the management of parking garages.

Plaintiff has also failed to offer any evidence that Central Parking "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . . ."  The only debt and the only collection activity about which any evidence was offered was Central Parking's attempt to collect $95 from Thomas for his parking in the garage during September 2006.  That is insufficient to establish a *prima facie* case that Central Parking was a debt collector as the FDCPA defines that term.

For the reasons set out above, I **RECOMMEND** that Plaintiff's November 13,

2007 motion for default judgment (doc. 10) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                        s/Mark R. Abel
                                        United States Magistrate Judge